IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH DUNCAN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-06-250 |
| | | (Consolidated Case: JFM-06-363) |
| CAPTAIN BRADLEY BARTHLOW | : | |
| Defendant | : | |

o0o

## MEMORANDUM

Pending in the above-captioned civil rights case is defendant's motion to dismiss or for summary judgment. Paper No. 21. Although plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to do so, the motion has not been opposed. Paper No. 22. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the motion, construed as a motion for summary judgment, shall be granted.

Background

Plaintiff alleges that he was illegally incarcerated for a period of thirteen days at the Baltimore City Central Intake and Booking Center ("Central Booking") after his criminal charges were nolle prossed. Paper No. 1. Specifically, plaintiff asserts that he was arrested and committed to Central Booking on October 25, 2005. *Id*. at p. 4. He claims that on November 10, 2005, he received a document stating that the charges against him were nolle prossed or dismissed by the State's Attorney on November 8, 2005. *Id*. at pp. 4–5. He alleges that he asked correctional staff about the status of his release but was told his "paper work was messed up." *Id*. at p. 5. It was not until November 23, 2005, that plaintiff was provided with release papers to sign with respect to the nolle prossed charges. *Id*. In the interim, however, plaintiff was charged with assaulting a

correctional officer at Central Booking. *Id*. Because there were criminal charges pending against plaintiff on November 23, 2005, when he received release papers on his original criminal charge, he was not released from custody. *Id*. Plaintiff was subsequently sentenced to serve ten months for assaulting a correctional officer and was released to the Division of Correction on December 23, 2005, for service of the sentence. Paper No. 21 at Ex. 4, pp. 3–4.

Defendant admits the allegations raised by plaintiff are correct, but adds that plaintiff was held in custody from November 8, 2005, to November 23, 2005, on a facially valid commitment record. Paper No. 21 at p. 4. According to defendant, the district court did not notify Central Booking of the nolle pros disposition of plaintiff's case until November 23, 2005. *Id*. On the date the release papers were received from the district court, plaintiff was booked on the new assault charges stemming from the November 15, 2005, incident. *Id*.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (*citing Charbonnages de France v. Smith*, 597 F.2d

406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (*quoting Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in Section 1983 claims. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), *citing Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Plaintiff has not alleged that Barthlow was directly involved in preventing his release from incarceration between the dates of November 8 and 23, 2005. Rather, he simply claims that defendant should be liable because he was the captain and shift commander during the period of time he alleges he was entitled to release. Paper No. 9. Thus, plaintiff's allegations are based solely upon vicarious liability, otherwise known as the doctrine of *respondeat superior*. Barthlow is, therefore, entitled to dismissal from this case.

The court's inquiry does not end there.[1] Even if this court were to construe the complaint as having been filed against appropriate custodial staff, the would-be defendants are entitled to avail themselves of a defense of qualified immunity. When considering whether a defendant is entitled to avail himself of such a defense, this court must consider whether at the time of the claimed violation the right was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." *Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997). In the instant case, the documentation supporting plaintiff's claim that he was entitled to release was not received until November 23, 2005. Plaintiff was held on a facially valid commitment order from November 8, 2005 to November 23, 2005. *See* Paper No. 21 at Ex. 3, p. 14; and Ex. 4 at p. 9. Where, as here, there is a legal justification for detention, no constitutional duty to investigate a claim of innocence arises. *See Baker v. McCollan*, 443 U.S. 137, 144– 45

---

[1] *See Haines v. Kerner*, 404 U.S. 519 (1972) (requiring liberal construction of pro se pleadings).

(1987). The short period of time involved in the instant case does not give the court pause to consider the sincerity of defendant's claim that paper work from the district court was not received until November 23, 2005, and when it was received plaintiff's release was promptly processed. In light of the absence of evidence that any staff member at Central Booking took affirmative steps to prevent plaintiff's release, no bright line has been transgressed in this case.

## Conclusion

The court finds that there has been no sufficient basis state for imposition of liability as to defendant Barthlow. Moreover, the complaint also fails to state a constitutional claim against other staff members at Central Booking. Accordingly, the motion for summary judgment shall, by separate order which follows, be granted.


<u>September 14, 2006</u>                         /s/
Date                                             J. Frederick Motz
                                                 United States District Judge